UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ACP, INC.,

Plaintiff,

v.

SKYPATROL, LLC, et al.,

Defendants.

_______________________________/

No. C 13-1572 PJH

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND GRANTING MOTION TO DISMISS**

Defendant Skypatrol, LLC's motion to set aside entry of default and defendant Gordon Howard Associates, Inc.'s motion to dismiss came on for hearing before this court on July 24, 2013. Plaintiff ACP, Inc ("plaintiff" or "ACP") appeared through its counsel, Jerry Chen. Defendant Skypatrol, LLC ("Skypatrol") appeared through its counsel, Bryan Joseph Wilson. Defendant Gordon Howard Associates, Inc. ("Gordon Howard") appeared through its counsel, David Makman. Having read the papers filed in conjunction with the motions and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby GRANTS Skypatrol's motion to set aside entry of default without qualification, for the reasons stated at the hearing, and GRANTS Gordon Howard's motion to dismiss as follows.

**Background**

This is a breach of contract case. ACP is seeking more than $75,000 in damages from Gordon Howard (doing business as PassTime USA ("PassTime")) and SkyPatrol, for their alleged breach of contract by failing to reimburse ACP for its expenses incurred.

ACP alleges that "[o]n or about January 7, 2012, ACP, Skypatrol and PassTime entered into a written contract by which ACP proposed a business transaction to Skypatrol and PassTime." Dkt. 1 (Complaint) at 1. ACP alleges that Skypatrol and PassTime, in exchange, "jointly and severally agreed to reimburse ACP for its actual out-of-pocket

United States District Court
For the Northern District of California

expenses incurred in pursuit of the potential transaction." Id. ACP alleges that it has satisfied all the conditions and performance required under the contract, but that defendants have failed to reimburse its expenses. Id. at 2.

The alleged written contract in dispute is a letter titled "Potential Acquisition of Skypatrol, LLC and PassTime" written by ACP, addressed to Gene Ramirez[1], and dated January 7, 2012. Dkt. 6, Ex. A. Both Skypatrol and Gordon Howard signed the letter, indicating that its terms were "jointly and severally accepted and agreed." Id. at 7. As the title suggests, the letter reflects ACP's interest in acquiring the defendants (which are referred to collectively as "the Companies" in the letter). See id. In the introduction, ACP lays out its strengths and experience, seemingly to persuade Skypatrol and Gordon Howard of its ability to lead financially and strategically. Id. at 2. Then, the letter lays out the "key terms of the proposed transaction", stating that "we [ACP] are excited by the opportunity to move forward in this process under the terms outlined below." Id. The final paragraph of the letter states that "this letter agreement is an expression of mutual intent only and is non-binding, except for the terms related to Exclusivity and Expenses, which will be binding." Id. at 5. The Exclusivity provision states that the defendants may not seek to undertake acquisition-related activities with any other company besides ACP. Id. at 6. The Expenses provision states that "[t]he Companies shall reimburse [ACP] for its actual out-of-pocket expenses incurred in pursuit of the Transaction." Id. at 7. As stated above, defendants have refused to reimburse ACP for its expenses, and ACP now asserts a breach of contract claim against both companies (which have the same obligations under the terms of the letter).

On April 8, 2013, ACP filed its complaint. On May 20, 2013, ACP and Gordon Howard stipulated to extend the deadline for Gordon Howard to respond to the complaint,

[1] The court notes that the letter was not attached to plaintiff's complaint, and instead, was attached as an exhibit to defendant Gordon Howard's motion to dismiss. However, because plaintiff does not object to the authenticity or accuracy of the letter, and because plaintiff's complaint relies on the letter as the basis for its claim, the court shall consider the letter as part of the record.

United States District Court
For the Northern District of California

and on June 3, 2013, Gordon Howard filed the present motion to dismiss. Skypatrol did not join in the motion, because it has been entered into default, as explained below.

Skypatrol admits the complaint was delivered to it on April 19, 2013, but its president claims that he did not see the complaint until on or about May 1, when he returned from traveling. Dkt. 21 at 2. Skypatrol then received an email from ACP's counsel on May 22, to which it replied on May 24, telling ACP that they could discuss the case the following week. Id. However, Skypatrol claims that "due to travel and other pressing matters," it "forgot to call" ACP. Id. On June 6, 2013, ACP filed a request for clerk's entry of default as to Skypatrol. Skypatrol alleges that it was not served with a notice of the request. Id. Skypatrol's default was entered on June 7, 2013. Skypatrol made attempts to contact ACP after the entry of default, but ultimately "was not able to reach ACP's counsel." Id. at 2-3. On June 12, 2013, Skypatrol filed this current motion to set aside default. ACP filed a statement of non-opposition with qualification on June 26, 2013.

## Discussion

### A. Motion to set aside entry of default

#### 1. Legal Standard

Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default for "good cause shown." See Fed. R. Civ. P. 55(c). The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). The good cause analysis considers three factors: (1) whether defendant engaged in culpable conduct that led to the default; (2) whether defendant had a meritorious defense; and/or (3) the prejudice to plaintiff. See id. These factors are disjunctive, and the district court is free to deny the motion "if any of the three factors [is] true." See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000); Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). Defendant bears the burden of showing that

any of these factors favored setting aside the default. Franchise Holding II, 375 F.3d at 926.

2. Defendant Skypatrol's motion to set aside default

ACP does not oppose Skypatrol's motion to set aside the entry of default. Dkt. 28 at 1. However, ACP argues that "Skypatrol's defense should be limited to a challenge to the existence of an enforceable agreement," and all other defenses should be precluded. Id. ACP argues that Skypatrol should be barred from raising other defenses because it has not presented any facts to support those defenses. Id. (citing United States v. Mesle, 615 F.3d 1085, 1094 (9th Cir. 2010)).

In Mesle, the court held that to satisfy the meritorious defense requirement, a defendant seeking to vacate a default judgment must "allege sufficient facts that, if true, would constitute a defense." U.S. v. Mesle, 615 F.3d at 1094 (emphasis added). The Ninth Circuit has held that a defendant seeking to vacate a default judgment has a minimal burden of proof. Id. Mesle does not require the defendant to exhaust all of its defenses in a motion to set aside the entry of default, before an answer to the complaint has even been made. See also Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) (holding that the party in default is required to make some showing of a meritorious defense to demonstrate that the outcome of the suit after a full trial could possibly be contrary to the result achieved by the default). At the hearing, ACP admitted that it has no authority to support its request to limit Skypatrol to defenses raised in its briefing papers. Thus, the court finds that ACP's request to prevent Skypatrol from bringing any future defenses, other than those raised in its motion, is improper. Accordingly, the court GRANTS defendant Skypatrol's motion to set aside default without qualification.

**B. Motion to dismiss**

1. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191,

United States District Court
For the Northern District of California

1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

In addition, while the court generally may not consider material outside the pleadings when resolving a motion to dismiss for failure to state a claim, the court may consider matters that are properly the subject of judicial notice. Lee v. City of Los Angeles, 250 F.3d

United States District Court
For the Northern District of California

668, 688-89 (9th Cir. 2001); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), as well as documents referenced extensively in the complaint and documents that form the basis of a plaintiff's claims. See No. 84 Employer–Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

In particular, in actions alleging breach of contract under California law, "a plaintiff must plead and prove: [1] the existence of a contract; [2] plaintiff's performance or excuse for non-performance; [3] defendant's breach; and [4] damage to plaintiff resulting therefrom." Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1059 (N.D. Cal. Mar. 5, 2010) (Hamilton, J.).

**2. Defendant Gordon Howard's motion to dismiss**

In order to survive a motion to dismiss a breach of contract claim, a plaintiff must first demonstrate the existence of a contract. Craigslist, 694 F. Supp. 2d at 1059. Both parties agree that the January 7, 2012 letter contains all of the terms of any purported contract. ACP's complaint does not specify whether the contract is unilateral or bilateral, but in its opposition papers, ACP claims that the contract is unilateral, with Gordon Howard as the offeror.

A unilateral contract consists of an offer by promise in exchange for an acceptance by performance, rather than by a return promise. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 792 (9th Cir. 2012). An offer is required to form an enforceable contract. "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Id. at 784. In a unilateral contract, "the offer is accepted by rendering a performance rather than providing a promise." Id. at 785. See also Harris v. Time, Inc., 191 Cal. App. 3d 449, 455 (holding that a unilateral contract is formed when the offer "calls for

United States District Court
For the Northern District of California

performance of a specific act without further communication and leaves nothing for further negotiation.").

As stated above, ACP takes the position that Gordon Howard was the offeror, offering reimbursement in exchange for ACP's investigation of the potential acquisition. ACP argues that it accepted through performance (i.e., investigating the potential acquisition), resulting in a binding unilateral contract. Dkt. 24 at 2. At the hearing, ACP clarified its theory, arguing that Gordon Howard made an offer by signing the letter and sending it back to ACP. Gordon Howard counters by arguing that it could not have been the offeror, because the letter was drafted by ACP, on ACP letterhead, and was delivered to Gordon Howard. The letter stated that ACP "appreciate[s] the opportunity to present the following" proposal to defendants, and the bulk of the letter was under a heading entitled "Key Terms of the Proposed Transaction." Dkt. 6, Ex. A at 2. That "Key Terms" section started with a statement that ACP was "excited by the opportunity to move forward in this process under the terms outlined below." Id. Under these circumstances, the court finds that Gordon Howard could not have made an offer simply by signing and returning a proposal that appears to have been wholly drafted by ACP. Gordon Howard did not make an offer of its own, it merely responded to ACP's offer, laid out by the terms in the letter. Thus, the court finds that no unilateral contract could have been formed with Gordon Howard as the offeror. Instead, if there is a unilateral contract, ACP would have been the offeror.

However, even if ACP was the offeror, the court still finds that no unilateral contract could have been formed. In a unilateral contract, a party accepts an offer by performance. If ACP was the offeror, Gordon Howard's acceptance would entail the payment of reimbursements. Because Gordon Howard did not pay any reimbursement, it could not have accepted ACP's offer, and thus no unilateral contract was ever formed between the parties.

Gordon Howard moved to dismiss arguing that no bilateral contract was formed

because there was no mutuality of obligation. ACP did not address this issue in its opposition brief, and instead stated that it "reserves the right to argue the existence of a bilateral contract." Dkt. 24 at 3, n.2. However, Gordon Howard correctly points out that no bilateral contract can be formed without consideration. Chodos v. West Publishing Co., 292 F.3d 992, 996 (9th Cir. 2002) ("[I]n order for a contract to be enforceable under California law, it must impose binding obligations on each party."). The letter makes clear that the only binding terms of the agreement were contained in the Exclusivity and Expenses provisions. Dkt. 6, Ex. A at 5. In the Exclusivity provision, the letter states that "the Companies [Gordon Howard and Skypatrol] agree" to keep the potential acquisition exclusive to ACP. Id. at 4. Nearly every sentence in this provision begins with "the Companies," describing what they shall and shall not do. Id. at 4-5. This section does not point to any obligations or conditions that ACP is subjected to. Thus, Gordon Howard is correct that the Exclusivity provision does not obligate ACP to do anything.

In the Expenses provision, the letter states that "the Companies [Gordon Howard and Skypatrol] shall reimburse" ACP for its expenses. Id. at 5. While the Expenses provision does state that ACP "shall not be entitled to reimbursement for the time and effort of its employees or related overhead expenses," this sentence does not actually bind ACP to any type of condition or obligation. Taken as a whole, the Expenses provision obligates defendants to reimburse ACP, but does not obligate ACP to take any action in return. Importantly, the terms of the letter do not actually obligate ACP to investigate the acquisition of Gordon Howard and Skypatrol - it merely states that, if ACP were to perform such an investigation, Gordon Howard and Skypatrol would reimburse the costs and expenses of any investigation. Thus, neither the Exclusivity provision nor the Expenses provision created any mutuality of obligation, as required by California law to establish a bilateral contract. At the hearing, ACP did not identify any further consideration that was owed to defendants under the letter's terms. Thus, without any consideration provided by ACP, no bilateral contract could have been formed.

United States District Court
For the Northern District of California

For the reasons stated above, neither a unilateral contract nor a bilateral contract was formed. In the absence of a contract, there could be no breach of contract, and consequently the one cause of action pled in the complaint is not viable. Accordingly, Gordon Howard's motion to dismiss is GRANTED.

**C. Leave to Amend**

ACP requests that, if the motion is granted, this court grant leave to amend for two purposes: [1] to add additional facts to assert a viable claim for breach of contract, and [2] to add a claim for promissory estoppel.

At the hearing, ACP argued that, if leave to amend was granted, it would add facts regarding Gordon Howard's return signature to establish that Gordon Howard was actually the offeror of a unilateral contract. However, the court has already found that ACP was the offeror of any alleged contract, and ACP was not able to identify any facts that would change that finding. Nor could any new facts establish the existence of a bilateral contract, because ACP has still not identified any consideration owed to defendants under the only two binding terms of the letter. Thus, any amendment to ACP's breach of contract claim would be futile, and leave to amend is denied.

ACP also seeks leave to amend to add a claim for promissory estoppel. Under California law, the elements of promissory estoppel are [1] a clear and unambiguous promise; [2] reliance by the party to whom the promise is made; [3] the reliance must be both reasonable and foreseeable; and [4] the party asserting the estoppel must be injured by his reliance. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 792 (9th Cir. 2012).

ACP argues that Gordon Howard made a promise on which ACP reasonably relied. ACP bases its theory on the argument that Gordon Howard promised to reimburse ACP for its out of pocket expenses. However, for the same reasons that Gordon Howard cannot be the offeror of a unilateral contract, Gordon Howard cannot be the promisor under a promissory estoppel theory. When Gordon Howard signed and returned the letter that ACP sent, it was responding to ACP's offer, not making a new promise of its own. Thus, any

proposed promissory estoppel claim would be futile, and the court denies leave to amend to add such a claim.

For the foregoing reasons, the court finds that there is no basis for amendment. Thus, the dismissal of ACP's claims against Gordon Howard is with prejudice. The court further notes that Skypatrol's default prevented it from joining in Gordon Howard's motion to dismiss. However, because Skypatrol's obligations under the letter were the same as Gordon Howard's, it appears that ACP's claims against Skypatrol would also be subject to dismissal. Skypatrol must, however, move for dismissal. If the motion to dismiss is filed before August 28, 2013, the case management conference scheduled for August 29, 2013 will be taken off calendar.

**IT IS SO ORDERED.**

Dated: July 31, 2013

PHYLLIS J. HAMILTON
United States District Judge