UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACP, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>SKYPATROL, LLC, et al.,<br><br>        Defendants. | Case No. 13-cv-01572-PJH (MEJ)<br><br>**ORDER RE: MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 112 |

In connection with a joint discovery letter (*see* Rog. Ltr., Dkt. No. 111), Plaintiff ACP, Inc. ("ACP") seeks to file under seal portions of Defendant Gordon Howard Associates, Inc.'s ("Gordon Howard") Response to ACP's First Set of Interrogatories (the "Response"). Mot., Dkt. No. 112. ACP explains the parties intend to file Gordon Howard's Response to be Exhibit A to their joint discovery letter. *Id.* at 1; *see* Rog. Ltr. Specifically, ACP requests certain redactions located on (1) page 6, line 7; (2) page 7, line 17; (3) page 8, line 7; (4) page 16, lines 15 and 16; and (5) page 23, lines 3, 4, 5, and 6. *Id.*; *see id.*, Ex. A (proposed redactions). ACP contends Gordon Howard designated these portions as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Mot. at 1. Gordon Howard did not respond to the Motion. For the reasons set forth below, the Court **DENIES** ACP's Motion.

### DISCUSSION

The good cause standard applies here. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (the "less exacting 'good cause' standard applies to private materials unearthed during discovery[.]" (internal quotation marks omitted)). ACP's only basis for sealing portions of Gordon Howard's Response is that Gordon Howard designated them as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order. Mot. at

1  1. This alone is insufficient to justify sealing. *See* Civ. L.R. 79-5 (d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). Rather,

> [i]f the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order . . . . [w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable.

Civ. L.R. 79-5(e)(1). Gordon Howard, as the Designating Party, did not file a declaration as required by Civil Local Rule 79-5(e)(1) and thus fails to establish that good causes exists to accept ACP's proposed redactions.

## CONCLUSION

The Court **DENIES** ACP's Motion to File Under Seal. ACP shall file an unredacted version of Gordon Howard's Response by **February 3, 2017**.

**IT IS SO ORDERED.**

Dated: January 30, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge